IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **NYKEES EARL CAMPBELL,** | ) | |
| ID # 56462-177, | ) | |
| Movant, | ) | |
| | ) | No. 3:20-CV-1326-M-BH |
| vs. | ) | No. 3:17-CR-567-M(1) |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| Respondent. | ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on May 19, 2020 (doc. 1), should be **DENIED** with prejudice.

## I.   BACKGROUND

Nykees Earl Campbell (Movant) challenges his federal conviction and sentence in Cause No. 3:17-CR-567-M(1). The respondent is the United States of America (Government).

### A.   Conviction and Sentencing

After first being charged by indictment with several others, Movant was charged by superseding indictment on December 5, 2017, with conspiracy to possess with intent to distribute a Schedule II controlled substance in violation of 21 U.S.C. § 846 (Count One), possession of a firearm by a user of a controlled substance in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2) (Count Two), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count Twenty-Seven). (*See* docs. 1, 96.)[2] On February 23, 2018, Movant

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, No. 3:17-CR-567-M(1).

1

pled guilty to Counts One and Two of the superseding indictment, under a plea agreement. (*See* docs. 150, 216.) Under the plea agreement, Movant agreed that a factual resume he signed was true and would be submitted as evidence. (*See* doc. 150 at 2.)[3] The factual resume set out the penalties and essential elements of both offenses, and included stipulations by Movant that he was a member of a Dallas-based criminal street gang, he and other gang "members and associates produced and appeared in music videos glorifying acts of violence and promoting the lifestyle" of gang members, and he and other gang members distributed controlled substances for money during the period of the charged conspiracy. (*Id.* at 1-4.) For purposes of Count One, he also stipulated that he took part in a robbery of a cocaine dealer, during which he exhibited a firearm and after which he and others sold the stolen cocaine for money. (*See id.* at 3-4.)

On May 8, 2018, the United States Probation Office (USPO) prepared a Presentence Investigation Report (PSR) in which it applied the 2016 United States Sentencing Guidelines Manual. (*See* doc. 325-1 at ¶ 62.) After grouping Counts One and Two together, the PSR applied the drug quantity table at U.S.S.G. § 2D1.1(c)(8) to calculate a base offense level of 24. (*See id.* at ¶¶ 63-64.) Four total levels were added for possession of a dangerous weapon and for use of violence, i.e., using a firearm to shoot a cocaine dealer multiple times during the commission of robbing him of cocaine. (*See id.* at ¶¶ 65-66.) Three levels were deducted for acceptance of responsibility, resulting in a total offense level of 25. (*See id.* at ¶¶ 72-74.) Based on a criminal history category of I and a total offense level of 25, the guideline imprisonment range was 57 to 71 months. (*See id.* at ¶ 118.) Because Count One had a minimum term of imprisonment of five years, or sixty months, which was greater than the minimum of the guideline range, the guideline imprisonment range became 60 to 71 months. (*See id.*)

---

[3] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

On May 17, 2018, Movant objected to the PSR, arguing that because he did not murder anyone, the PSR's statement purporting to quote him admitting in a call five days after the charged offense occurred that he stole "a brick" from "the guy he murdered" should be removed because it could affect his security level in the Bureau of Prisons (BOP). (*See* doc. 337; *see also* doc. 325-1 at ¶ 52.) On May 21, 2018, the USPO issued an addendum to the PSR, in which it clarified and corrected the PSR but declined to make any changes based on Movant's objection. (*See* doc. 341-1.) The USPO also issued a second addendum to add a missing page from the first addendum and to correct a typographical error. (*See* doc. 377-1.) The matters addressed in the addenda did not impact the guideline calculations. (*See* docs. 341-1, 377-1.)

On May 22, 2018, the Government filed a motion for an upward departure from the applicable guideline range pursuant to U.S.S.G. § 5K2.0. (*See* doc. 343 at 1.) It sought an upward departure under: (1) U.S.S.G. § 5K2.2 based on the life-threatening physical injuries sustained by the cocaine dealer who was shot several times during the course of being robbed of cocaine by Movant, and Movant's later production of and appearance in a rap video about the event; (2) U.S.S.G. § 5K2.6 based on Movant's use or possession of a weapon or dangerous instrumentality; and (3) U.S.S.G. § 5K2.8 for extreme conduct in shooting the cocaine dealer multiple times, subsequently rapping about the event, and using social media to threaten and intimidate others who might be cooperating with the Government. (*See id.* at 6-9.) It alternatively requested an upward variance based on the sentencing factors set forth in 18 U.S.C. § 3553(a). (*See id.* at 9.) On July 11, 2018, Movant filed objections to the Government's motion for an upward departure and moved for a sentence within the applicable guideline range. (*See* doc. 403.)

At the sentencing hearing on July 18, 2018, the Court overruled Movant's objection to the PSR. (*See* doc. 464 at 3.) It heard argument and evidence relating to the Government's request

for an upward departure under the sentencing guidelines or an upward variance under the § 3553(a) sentencing factors; (*See id.* at 5-66, 73-78.) It Court also heard testimony for leniency from Movant, his mother, and the mother of his children. (*See id.* at 66-72.) After considering the parties' arguments, testimony, and evidence, and the applicable factors under the sentencing guidelines and § 3553(a), the Court determined that an upward departure or variance was appropriate. (*See id.* at 78-85.) It stated:

> Considering all of the factors that the Court has considered, the Court is of the view that an upward departure or variance is appropriate. And in departing upward, the Court cites [§§]5K2.2, 5K2.6, 5K2.8 involving the physical injuries of the victim, [the cocaine dealer], the weapon used, the extreme conduct and the particularly violent nature of this offense.
>
> The Court would note that even if it did not depart under those sections of the guidelines, it would vary upward considering all of the factors under 18 United States Code, Section 3553(a).

(*Id.* at 84-85.) By judgment dated July 19, 2018, Movant was sentenced to concurrent sentences of 144 months' imprisonment on Count One and 120 months' imprisonment on Count Two, to be followed by a four-year term of supervised release. (*See* doc. 427 at 1-3.) On direct appeal, appellate counsel filed a brief under *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011), and the appeal was dismissed on March 28, 2019. *United States v. Campbell*, 762 F. App'x 196 (5th Cir. 2019). Movant did not file a petition for a writ of certiorari with the Supreme Court.

**B.    Substantive Claim**

Movant asserts one ground for relief:

> [Movant] was Denied Effective Assistance of Counsel at Sentencing by Counsel's Failure to Object & Argue Against the US' [sic] Motion for Upward Departure Based on the 1st Amendment.

(No. 3:20-CV-1326-M-BH, doc. 1 at 4.) The Government filed a response on July 21, 2020. (*See*

4

*id.*, doc. 7.)  Movant filed a reply on December 15, 2020.  (*See id.*, doc. 14.)

## II.     SCOPE OF RELIEF UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted).  It is well-established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (en banc) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review.  *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error.  *Shaid*, 937 F.2d at 232.  However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[ ] objectives" of the procedural default doctrine "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003).  The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

## III.     INEFFECTIVE ASSISTANCE OF COUNSEL

The Sixth Amendment to the United States Constitution provides, in relevant part, that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. amend. VI.  It guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal.  *Strickland v. Washington*, 466 U.S. 668, 686

(1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the movant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id.* at 697. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *see Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (recognizing that the inquiry focuses on "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair."). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

Here, Movant contends that his trial counsel was "constitutionally deficient for failing to properly object and argue against the government's motion for upward departure based on [Movant's] constitutionally protected free speech." (No. 3:20-CV-1326-M-BH, doc. 2 at 2; *see also id.*, doc. 1 at 4; doc. 2 at 5, 17; doc. 14 at 3.) He argues that, "[a]t sentencing, the Government sought an upward departure based on [Movant's] artistic expressions through rap and social media

6

postings – some of which the authorship is unclear – and presented video and testimonial evidence in support of its argument." (*Id.*, doc. 2 at 6-7.) He further argues that "the Government played video after video and introduced social medial [sic] post after social medial [sic] post and attempted to tie these artistic expressions to crimes committed in the DFW area and attribute the entire amalgam of speculation to [Movant] as an uncharged crime spree for which he should be held accountable through an upward departure." (*Id.*, doc. 2 at 11-12.) He alleges that "[c]ounsel recognized what the Government sought to accomplish through introducing this uncharged crime spree and penalize [sic] her client for rapping about it, but failed to object on First Amendment grounds." (*Id.*, doc. 2 at 12.) According to Movant, his "speech simply reflected his beliefs." (*Id.*, doc. 2 at 18.) He claims that "[h]ad counsel properly objected to the upward departure argument and sentence . . ., there is a reasonable probability that the Court would have sustained that objection and imposed a lesser sentence, within the advisory guideline range of imprisonment." (*Id.*; *see also id.*, doc. 2 at 2; doc. 14 at 3-4.)

The Supreme Court has held that "the Constitution does not erect a *per se* barrier to the admission of evidence concerning one's beliefs and associations at sentencing simply because those beliefs and associations are protected by the First Amendment." *Dawson v. Delaware*, 503 U.S. 159, 165 (1992). In many cases, such evidence "'might serve a legitimate purpose in showing that a defendant represents a future danger to society.' *Dawson* simply requires that the evidence be relevant to an issue at sentencing." *Boyle v. Johnson*, 93 F.3d 180, 184 (5th Cir. 1996) (quoting *Dawson*, 503 U.S. at 166) (internal citation omitted); *see also United States v. Tampico*, 297 F.3d 396, 402-03 (5th Cir. 2002) ("To be admissible at sentencing, evidence concerning associations must be sufficiently related to the issues involved.") (citing *Boyle*, 93 F.3d at 183-84).

The record shows that the Government moved for an upward departure under the

7

sentencing guidelines based on the physical injuries of the cocaine dealer robbed by Movant during the commission of the charged offense, the weapon used, and extreme conduct; it alternatively sought an upward variance based on the § 3553(a) sentencing factors, which require the Court to consider, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant," and the need "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(1), (a)(2)(C); (*see* doc. 343.) The evidence of Movant's rap videos and lyrics, social media posts, and radio interviews presented at sentencing related to his conduct in connection with the charged offense, and was also relevant to his history, characteristics, and potential future dangerousness to the community. It could therefore be, and was in fact, considered by the Court during sentencing for these reasons, and Movant fails to show that counsel had a valid First Amendment objection to make to the evidence or the Court's consideration of it. (*See* doc. 464 at 79-85); *see also Tampico*, 297 F.3d at 403; *Boyle*, 93 F.3d at 184. Because counsel is not deficient for failing to raise a meritless argument, Movant fails to satisfy the first prong of *Strickland*. *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) (holding that counsel is not deficient for failing to raise a meritless argument); *Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995) ("Counsel cannot be deficient for failing to press a frivolous point.").

Even assuming for purposes of this motion only that counsel rendered deficient performance by failing to further object to the upward departure on First Amendment grounds, as alleged, deficient performance alone is insufficient to establish relief under § 2255. *Strickland* also requires a showing of prejudice. To show prejudice in the sentencing context, a movant must demonstrate that the alleged deficiency of counsel created a reasonable probability that his sentence would have been less harsh. *See Glover v. United States*, 531 U.S. 198, 200 (2001)

(holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice."). One cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *See Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992).

At sentencing, the Court expressly stated:

I'm not punishing you, so that the record is clear, for making rap videos. You've got a First Amendment right to make them, no matter how distasteful and vile and offensive and violent they were. I can be offended by them, but I'm not sentencing you because I'm offended by them.

I'm sentencing you, considering those videos, (a), because in them, in the Court's view, you made an admission with respect to the shooting of [the cocaine dealer]; and secondly, because it gives the Court some insight into your mindset with respect to your propensity for, interest in, and encouragement of others to engage in acts of violence.

(doc. 464 at 80-81.) The Court determined that an upward departure was appropriate under §§ 5K2.2, 5K2.6, and 5K2.8 of the sentencing guidelines, and went on to state that "even if it did not depart under those sections of the guidelines, it would vary upward considering all of the factors under 18 United States Code, Section 3553(a)." (*See* doc. 464 at 84-85.)

Movant does not provide any facts or evidence showing a reasonable probability that his sentence would have been less harsh had counsel further objected or argued against the evidence at sentencing on First Amendment grounds. His speculative and conclusory allegations of prejudice are unsupported by the record and are insufficient to satisfy his burden under *Strickland*. *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) ("This Court has made clear that conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding.") (citing *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983)).

Movant has failed to satisfy both *Strickland* prongs, and he is therefore not entitled to § 2255 relief. His claim should be denied.

## IV. EVIDENTIARY HEARING

Movant requests an evidentiary hearing before this Court on his claim. (*See* No. 3:20-CV-1326-M-BH, doc. 14.) No evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). A movant "is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merit of [his] allegations.'" *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (citation omitted). "[B]are, conclusory allegations unsupported by other indicia of reliability in the record, do not compel a federal district court to hold an evidentiary hearing." *Ross*, 694 F.2d at n.2.

Here, Movant has failed to demonstrate the existence of a factual dispute that creates a genuine issue. He also has failed to come forward with independent indicia in support of the likely merit of his claims. *See Reed*, 719 F.3d at 373. Movant has therefore failed to demonstrate he is entitled to an evidentiary hearing on his claim.

## V. RECOMMENDATION

The *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on May 19, 2020 (doc. 1), should be **DENIED** with prejudice.

**SIGNED** this 12th day of April, 2023.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                                                       _____
                                                                                        IRMA CARRILLO RAMIREZ
                                                                                       UNITED STATES MAGISTRATE JUDGE